# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **SALLY THOMPSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 7:06-CV-0191-R** |
| | § | **ECF** |
| **WICHITA FALLS INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Before this Court is the defendant, Wichita Falls Independent School District's (the "Defendant") motion for leave to file its second amended answer, filed December 21, 2007 (doc. # 50). The plaintiff, Sally Thompson (the "Plaintiff") filed a response on December 28, 2007 (doc. # 51). Upon consideration, this Court determines that the motion is **denied**.

## I.

On November 22, 2006, Plaintiff filed her original complaint alleging age discrimination in the termination of her employment with Defendant. Defendant filed its original answer on December 18, 2006. On March 23, 2007, Plaintiff filed her first amended complaint. Defendant filed its unopposed motion for leave to file its first amended answer on March 30, 2007, which was granted by this Court on April 3, 2007. Defendant now seeks to file a second amended answer which is opposed by the Plaintiff.

## II.

Federal Rule of Civil Procedure 15 governs amendments to pleadings. "Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139

(5th Cir. 1993) (citing *Overseas Inns. S.A. P.A. v. United States*, 911 F.2d 1146, 1150 (5th Cir. 1990); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1993); *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980)).

However, "[i]n the context of motions to amend pleadings, 'discretion' may be misleading because FED. R. CIV. P. 15(a) 'evinces a bias in favor of granting leave to amend.'" *Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). *Cf. Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982) ("Although the district court should err on the side of allowing amendment, leave to amend should not be given automatically."). "'[U]nless there is a substantial reason' such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Id.* *See also Wimm*, 3 F.3d at 139 ("in deciding whether to grant leave to file an amended pleading, the district court may consider such factors as . . . repeated failure to cure deficiencies by amendments previously allowed . . . and futility of amendment.") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Overseas Inns. S.A. P.A.*, 911 F.2d at 1150; *Addington,* 650 F.2d at 666; *Pan-Islamic Trade Corp.*, 632 F.2d at 546); *Harry L. Laws Co.*, 690 F.2d at 1163 ("In exercising its discretion . . . [t]he court may weigh in the movant's favor any prejudice that might arise from denial of leave to amend. In keeping with the purposes of the rule, the court should consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation. Finally, the court should consider whether the amendment adds substance to the original allegations, and whether it is germane to the original cause of action.") (citing *Foman*, 371 U.S. at 182; *Pan-Islamic Corp.*, 632 F.2d at 546; *Henderson v. U.S. Fidelity & Guaranty Co.*, 620 F.2d 530, 534 (5th Cir.

1980)).  Furthermore, a court denying leave should articulate the substantial reason behind the denial.  *See Foman*, 371 U.S. at 182 ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.").

### III.

In its motion for leave to file its second amended answer, Defendant contends that it "is merely seeking to add one statement to clarify its position in response to Plaintiff's alternative (mixed-motive) theory with regard to Defendant's decision not to renew Plaintiff's employment contract."  Def.'s Mot. at 2.  Defendant further contends that "Plaintiff first raised its mixed-motive theory in her First Amended Complaint."  *Id*.  Defendant goes on to say:

> Defendant did not include the proposed addition to its First Amended Answer because it has always maintained it was not required to [do] so in order to argue this as a defense at trial. . . . However, out of an abundance of caution, Defendant is now seeking to amend its Answer in order to clarify its position prior to the trial of this matter.  Plaintiff is not prejudiced by the amended pleading, because, prior to the end of discovery, Plaintiff has already amended her Complaint to include her mixed motive argument.  And since the burden would then shift to the Defendant to prove it would have taken the same action despite any discriminatory animus, its decision to now seek leave to specifically state that in its Answer would only create prejudice if Defendant were attempting to conduct additional discovery in order to support this position.  In fact, Defendant is not seeking any additional discovery and will rely solely on the evidence it has accumulated to date to present its case at trial.

*Id*. at 2-3.  Plaintiff on the other hand contends, "Plaintiff has pleaded a 'mixed-motive' theory of recovery as part of her age discrimination complaint against Defendant from the very beginning, with the filing of her Original Complaint.  Plaintiff is puzzled, to say the least, by the statement in Defendant's Motion for Leave that the 'mixed-motive' theory was 'first raised' by Plaintiff in her First Amended Complaint. . . . It has now been thirteen months since Plaintiff's Original Complaint

3

clearly stated her 'mixed-motive' theory of recovery in this age discrimination claim. Defendant had ample opportunity to assert, in a timely manner, the affirmative defense it now attempts to add, but simply failed to do so." Pl.'s Resp. at 4. Plaintiff further contends that she "did not explore, during discovery, the affirmative defense Defendant now seeks to add to its Answer because that defense has never been pled by Defendant." *Id.* at 6.

Courts have denied leave where the party requesting leave knew of the facts underlying the proposed amendment, but the party did not request leave until a significant time period has passed. In *Barrett v. Independent Order of Foresters*, the Fifth Circuit stated, "Even though the motion was not filed until nearly ten months after the original complaint, there would appear to be no matters that appellant proposed to add which could not have been raised initially. Given the circumstances, this court cannot say that the trial judge abused his discretion." *Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980). *See also Wimm*, 3 F.3d at 142 ("Wimm and Speer's failure to assert their DTPA and mislabeling claims sooner, even though they were aware of the underlying facts at the outset of this action, supports the district court's finding of bad faith and dilatory motive. Because such a finding justifies denial of leave to amend, *see Dussouy*, 660 F.2d at 599, the district court did not abuse its discretion by denying Wimm and Speers' motion for leave to file a second amended complaint."); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979) (finding no abuse of discretion in the district court's denial of leave to amend when all the facts relevant to the proposed amendment were known at the time the original complaint was filed); *Mitsubish Aircraft Int'l, Inc. v. Brady*, 780 F.2d 1199, 1203 (5th Cir. 1986) (stating that failure to urge a claim which is "usually apparent at the outset of a case . . . strongly suggests either a lack of diligence . . . or a lack of sincerity").

Plaintiff's original complaint was filed on November 22, 2006. Plaintiff's amended complaint was filed on March 23, 2007. As Plaintiff indicates, the "mixed-motive" theory was initially raised in Plaintiff's original complaint, not in Plaintiff's first amended complaint as Defendant contends. *See* Pl.'s Original Compl. at 7; Def.'s Mot. at 2. Hence, even though Defendant's motion for leave to amend was not filed until approximately thirteen months after the filing of Plaintiff's original complaint, Defendant does not propose to add anything which could not have been raised at an earlier time. In fact, Defendant acknowledges that the amendment that it now seeks could have been raised earlier. Def.'s Mot. at 2-3. Defendant states in its motion for leave, "Defendant did not include the proposed addition to its First Amended Answer because it has always maintained it was not required to [do] so in order to argue this as a defense at trial. . . . However, out of an abundance of caution, Defendant is now seeking to amend its Answer in order to clarify its position prior to trial of this matter." *Id*. Because Defendant could have raised the proposed amendment at an earlier time and since discovery was completed over eight months ago, which precludes Plaintiff from exploring during the discovery period the affirmative defense that Defendant now seeks to add, this Court determines that the motion to amend is denied.

**IV.**

For the reasons stated above, Defendant's motion for leave to amend (doc. # 50) is denied.

Signed, January 14, 2008.

_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE